Bret Knewtson, OSB 03355
Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com
    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON (PORTLAND)

| | |
|---|---|
| KIRK J NYBERG,<br>    Plaintiff,<br>vs.<br>PORTFOLIO RECOVERY ASSOCIATES, LLC.,<br>    Defendant | Case No. 3: 15-cv-1175<br><br>COMPLAINT<br>Violation of 15 USC § 1692 (FDCPA)<br><br>Jury Trial Requested |

**PRELIMINARY STATEMENT**

1.  This is an action for money damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq, which prohibits abusive, deceptive and unfair debt collection practices and other tort claims.

2.  Plaintiff's claims arise from defendant's attempts to collect a debt in Oregon through the means and instrumentalities of interstate commerce and the mails.

3.  Plaintiff requests a jury trial.

**JURISDICTION**

4.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

COMPLAINT - 1

5. Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## PARTIES

6. Plaintiff Kirk Nyberg is a natural person who resides in Washington County and the State of Oregon and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA") is a limited liability company organized under Delaware law, and does business in Oregon. Defendant PRA's principal place of business is located at 120 Corporate BLVD STE 100 Norfolk VA 23502. PRA has elected Corporation Service Company as its Oregon registered agent, located at 285 Liberty ST NE Salem OR 97301.

## ALLEGATIONS

8. Defendants uses the instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

9. Defendant uses the instrumentality of interstate commerce to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due others.

10. Defendant is a debt collector as that term is defined at 15 USC 1692a(6).

11. On June 25, 2014 defendant filed a lawsuit in Washington County, in the state of Oregon, captioned Portfolio Recovery Associates LLC v Kirk Nyberg, #C143752CV. The lawsuit alleged Capital One Bank USA NA (Cap1) had mailed monthly statements to Plaintiff and Plaintiff had failed to object or otherwise dispute those statements and that had established a stated balance. It alleged plaintiff agreed to pay Cap1 and had failed to do so and $834.25 was owed to Cap1.

12. That lawsuit was dismissed by the Circuit Court of Washington County.

13. Given an opportunity for discovery, plaintiff believes that the evidence will show that the allegation was false because defendant had no evidence to establish such an account stated. The periodic statements would never evidence any conferral or agreement between Cap1 and Plaintiff that could support such a claim. As a matter of law, an implied contract, such as an account stated implied by the silence or failure of a party to dispute the stating of the account, cannot negate an express contract. Cap1 and plaintiff had an express contract which is evidenced by the card holder agreement which governed the contractual relationship of Cap1 and plaintiff as well as the purpose of the periodic statements. The contract, likely, will not identify any right by Cap1 to assert an account stated in the absence of a card holder dispute to a periodic statement.

14. Defendant sought to collect a debt that was barred from suit by the applicable Virginia Statute of limitations. The attempt to collect the debt by alleging an account stated in light of an enforceable contract between Cap1 and plaintiff was unfair, abusive, false, deceptive and misleading because defendant attempted to use the theory of account stated to by-pass the applicable statute of limitations, provided by Virginia, which would be a complete defense to the debt.

15. Defendant's conduct in bringing an unlawful debt collection demand against plaintiff disturbed plaintiff and caused anxiety, sleeplessness, nervousness, anger, embarrassment, humiliation, and frustration and emotional distress.

16. Plaintiff incurred liability for attorney fees in defending the attempt by defendants to collect the unlawful amount.

**FIRST CLAIM FOR RELIEF: VIOLATION OF FDCPA**

17. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

**COUNT ONE**

18. The attempt to collect a debt by asserting it was an account stated when that theory was not viable is a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

**COUNT TWO**

19. Asserting an account stated theory of law on a credit card debt in order to bypass the statute of limitations and other defenses to the debt that arise out of the contract between the plaintiff and Cap1 and which controls the credit card debt is a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

**COUNT THREE**

20. Defendant's attempt to collect a debt, by filing a lawsuit on a debt that was barred by the applicable statute of limitations is a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

**DAMAGES**

21. As a result of Defendant's violation of the FDCPA, Plaintiff has statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

22. Actual damages for emotional distress, and an unknown amount of attorney fees that continue to accrue as plaintiff defends the unlawful collection attempt pursuant to 15 U.S.C. § 1692k(a)(1).

23. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against defendant for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of actual damages determined pursuant to 15 U.S.C. §1692k(a)(1).

- for an award of costs of litigation and reasonable attorney's fees incurred in stopping the illegal collection action and in prosecuting this case, pursuant to 15 U.S.C. § 1692k(a)(3);

Dated this May 22, 2015

/s/ Bret Knewtson
Bret Knewtson, OSB 033553