IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIRK J. NYBERG,

        Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

        Defendant.

3:15-cv-01175-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

Plaintiff Kirk J Nyberg brings this action against Defendant Portfolio Recovery Associates, LLC ("PRA"), asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). Now before the court are PRA's Request for Judicial Notice (#15) and PRA's Motion to Stay (#13). For reasons provided below, PRA's Request for Judicial Notice is granted and PRA's Motion to Stay is denied.

## BACKGROUND

### I. *Nyberg I*

PRA filed suit against Nyberg in the Circuit Court of the State of Oregon, County of Washington on June 25, 2014, seeking to collect amounts allegedly due on Nyberg's Capital One Bank (USA), N.A. ("Capital One") credit card. That lawsuit will hereinafter be referred to as *Nyberg I*. PRA alleged in its complaint in *Nyberg I* that Nyberg failed to dispute monthly bills he received from Capital One, thereby establishing an account stated[1] in the amount of $834.25,

---

[1] "An account stated is an agreement between parties who have had previous transactions of a monetary character that all items of the account representing such transactions, and the balance

OPINION AND ORDER—PAGE 1

which Nyberg failed to pay. On November 25, 2014, *Nyberg I* was dismissed without prejudice for failure to prosecute. As discussed in greater detail below, Nyberg's FDCPA claim before this court is based on PRA's filing of *Nyberg I*.

## II. *Nyberg II*

After *Nyberg I* was dismissed, PRA filed a second, identical suit against Nyberg on May 7, 2015, in the Circuit Court of the State of Oregon, County of Washington. That lawsuit will hereinafter be referred to as *Nyberg II*. The parties agree that PRA's complaints in *Nyberg I* and *Nyberg II* contain the same allegations. *Nyberg II* is currently pending. PRA now moves this court to stay Nyberg's FDCPA action pending the resolution of *Nyberg II*.

## III. The Present Case

Nyberg filed his Complaint (#1) in the present case on June 25, 2015. Nyberg contends that PRA violated the FDCPA by filing *Nyberg I*. Nyberg's FDCPA claim consists of the following three counts: (1) PRA falsely alleged in its complaint in *Nyberg I* that it had an account stated, (2) PRA filed *Nyberg I* in an effort to sidestep the statute of limitations and "other defenses" that arose out of the cardholder agreement between Nyberg and Capital One, and (3) PRA's claims in *Nyberg I* were barred by Virginia's statute of limitations, which was made applicable by a choice of law clause in the cardholder agreement. *See* Compl. 4.

PRA filed its Answer (#3) on August 28, 2015, alleging as an affirmative defense that it sought to recover the debt from Nyberg on an account stated theory as the result of a "bona fide error." PRA then filed the present Motion to Stay (#13) and Request for Judicial Notice (#15) on October 16, 2015. Nyberg filed his Response (#17) on November 3, 2015. PRA filed its Reply

---

struck, are correct, together with a promise, express or implied, for the payment of such balance." *State ex rel. Kaser v. Leonard*, 102 P.2d 197, 211-12 (Or. 1940) (citation omitted) (internal quotation marks omitted).

OPINION AND ORDER—PAGE 2

(#18) on November 17, 2015. The court heard oral arguments on PRA's Motion to Stay and PRA's Request for Judicial Notice on December 2, 2015. This matter is fully submitted and prepared for decision.

## LEGAL STANDARD

In actions for damages, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction vested in them by Congress. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "Only in rare cases will 'the presence of a concurrent state proceeding' permit [a] district court to dismiss [or stay] a concurrent federal suit 'for reasons of wise judicial administration.'" *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977-78 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 818). *Colorado River* was the seminal Supreme Court case holding that district courts may decline to exercise jurisdiction in deference to concurrent state court proceedings. *See* 424 U.S. 800. However, the Court made clear that *Colorado River* stays are reserved for only "exceptional" cases where "the clearest of justifications" support granting a stay. *Id.* at 818-19; *accord R.R. St.*, 656 F.3d at 978 (quoting *Colorado River*).

Courts within the Ninth Circuit consider the following eight factors when analyzing whether to grant a stay pursuant to *Colorado River*:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St.*, 656 F.3d at 978-79 (footnote omitted) (citing *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002)).

OPINION AND ORDER—PAGE 3

The court considers only the factors that are relevant to the case before it. *See, e.g., id.* at 979. "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990). The court must then balances the relevant factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983).

## DISCUSSION

### I. Judicial Notice

PRA's Request for Judicial Notice is granted. PRA moves the court under Federal Rule of Evidence 201 to take judicial notice of the complaints filed in *Nyberg I* and *Nyberg II*. The court may take judicial notice of records of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *accord Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Latta v. W. Inv. Co.*, 173 F.2d 99, 103 (9th Cir. 1949). As explained below, the complaints in *Nyberg I* and *Nyberg II* are directly related to this case. Therefore PRA's Request for Judicial Notice is granted.

### II. *Colorado River* Stay

PRA moves the court to stay the present action until there is a final ruling in *Nyberg II*, contending "the vast majority of the claims" in this case will be resolved in *Nyberg II*. *See* Mot. to Stay 4. As stated above, Nyberg alleges in this case that PRA violated the FDCPA by filing a complaint in *Nyberg I* that falsely alleged an account stated and attempted to recover a debt that was barred by the statute of limitations and other contract defenses. Because PRA's complaint in *Nyberg II* is identical to its complaint in *Nyberg I*, PRA argues that *Nyberg II* will necessarily

involve a determination of whether PRA had an account stated and whether Nyberg's debt was barred by the statute of limitations.

In determining whether it is appropriate to stay this action, I must consider the factors provided by *Colorado River* and its progeny (the "*Colorado River* factors"). *See supra.* Although I conclude that all of the *Colorado River* factors, on balance, favor declining to stay this action, I focus my analysis on the final factor, as it is fatal to PRA's Motion to Stay.

*Nyberg II* will not resolve all the issues presented by Nyberg's FDCPA action. Therefore, the final *Colorado River* factor—whether the concurrent state court proceedings will resolve all issues before the federal court—does not support granting a stay of this case. This factor, which is also sometimes called "substantial similarity," is dispositive. *See Holder*, 305 F.3d at 859; *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 & n.7 (9th Cir. 1993); *Allision v. Dolich*, No. 3:14-CV-1005-AC, 2015 WL 3447948, at *3 (D. Or. May 29, 2015). As the Supreme Court explained:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the *complete* and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have *nothing further to do in resolving any substantive part of the case* . . . .

*Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28 (emphasis added) (citations omitted). Thus, under the *Colorado River* doctrine, "the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel*, 12 F.3d at 913; *see also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (holding that a district court may issue a *Colorado River* stay only if it has "full confidence" that the state proceeding will end the federal proceeding).

*Intel* is illustrative. In that case, Intel filed a copyright infringement suit against Advanced Micro Devices ("AMD") in federal court in October of 1991. 12 F.3d at 911. Intel alleged that AMD infringed Intel's copyrights by reverse-engineering Intel's 386 microprocessor and using the software therein to manufacture AMD's own 386 microprocessor. *Id.* In February of 1992, while Intel's infringement action was still pending before the federal district court, an arbitrator granted AMD a license to manufacture and distribute Intel's 386 microprocessors as a remedy for Intel's bad faith breach of contract. *Id.* In March of 1992, a California state court confirmed the award. *Id.* at 912.

AMD then moved the federal district court to stay Intel's infringement suit pending appeal of the California court order confirming the award. *Id.* The district court granted the motion and stayed the proceedings under the *Colorado River* doctrine. *Id.* The Ninth Circuit reversed, finding that the state court proceedings would not necessarily resolve all of the issues presented by Intel's infringement action. *Id.* The court explained:

> The concurrent state court proceedings will resolve all the issues in this action only if the arbitration award is confirmed . . . . In contrast, if the state court overturns the arbitration award, then the case will return to federal court for the adjudication of the underlying copyright claims [because] . . . AMD has further defenses to Intel's copyright claim that it intends to litigate.

*Id.* at 913 & n.6. Thus, in *Intel*, there was a possibility that the state-court action would not resolve all the issues in the federal action, and that possibility created "substantial doubt sufficient to preclude a *Colorado River* stay." *Id.* at 913.

Here, there is an identical possibility that the state-court action will not resolve all the issues in this federal action. Again, the primary issue in *Nyberg II* is whether Nyberg's failure to dispute monthly bills he received from Capital One established an account stated that Nyberg is obligated to pay. Implicit in that case is also the issue whether Nyberg's debt was barred by the

OPINION AND ORDER—PAGE 6

applicable statute of limitations.[2] Those issues are also present in this case, as Nyberg alleges that he did not establish an account stated (Count One) and that his debt was barred by the statute of limitations (Count Three). *See* Compl. 4. However, as in *Intel*, a ruling in Nyberg's favor in *Nyberg II* would not necessarily resolve Nyberg's FDCPA claim.[3]

If the *Nyberg II* court determines that there was no account stated and that the debt was barred by the statute of limitations, PRA will likely be precluded from arguing otherwise in defending Nyberg's FDCPA action before this court. However, that does not mean that PRA would be liable on Nyberg's FDCPA claim as a matter of law. To the contrary, this court would still have to adjudicate PRA's defense that it sought to recover the debt on an account stated theory as the result of a "bona fide error." *See* Answer 5 (pleading bona fide error as an affirmative defense); *see also* 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error . . . ."). This is the exact contingency that precluded a *Colorado River* stay in *Intel*, and it therefore precludes a *Colorado River* stay in this case as well.[4] *See* 12 F.3d at 913 n.6; *accord Allision*, 2015 WL 3447948, at *4; *see also Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28 (citations omitted).

---

[2] Nyberg has not asserted an FDCPA counterclaim in *Nyberg II*, and because Oregon does not have a compulsory counterclaim rule, he is not precluded from asserting an FDCPA claim before this court. *See G.B. v. Morey*, 215 P.3d 879, 881 (Or. App. 2009).

[3] Under Oregon law, a debtor's failure to object to a statement does not automatically establish an account stated as a matter of law. *See, e.g., Davis v. Oregon-Canadian Forest Products, Inc.*, 730 P.2d 556, 557 (Or. App. 1986). Thus, on the record before the court, it is possible that Nyberg will prevail in *Nyberg II*.

[4] PRA does not attempt to distinguish *Intel* from the facts of this case. Instead, it relies on *Stampley v. LVNV Funding, LLC*—a case from the United States District Court for the Northern District of Illinois. 583 F. Supp. 2d 960. *Stampley* is unpersuasive to the extent it varies from the Ninth Circuit's holding in *Intel*.

OPINION AND ORDER—PAGE 7

Moreover, as PRA concedes, this court would still have to adjudicate Count Two of Nyberg's FDCPA claim even if the *Nyberg II* court rules *against* Nyberg on the account stated and statute of limitations issues. *See* Mot. to Stay 6 n.5. Count Two alleges that, regardless of whether the parties established a valid account stated and whether the debt was barred by the statute of limitations, PRA's attempt to collect the debt by filing *Nyberg I* was unfair and deceptive because it sidestepped "other defenses" that arose out of the contract between Nyberg and Capital One. *See* Compl. 4. Thus, the grounds for declining to issue a *Colorado River* stay are even stronger in this case than they were in *Intel*.

In sum, there is a substantial doubt that *Nyberg II* will resolve all of the issues in this case. Consequently, PRA's Motion to Stay is denied.[5]

## CONCLUSION

For the reasons provided above, PRA's Request for Judicial Notice (#15) is granted and PRA's Motion to Stay (#13) is denied.

Dated this 22nd day of January, 2016.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

---

[5] Since there is a substantial doubt as to whether *Nyberg II* will resolve all the issues before this court, I need not consider the remaining *Colorado River* factors. *See, e.g., Intel*, 12 F.3d at 913 n.7 ("Since we find that there exists a substantial doubt as to whether the state court proceedings will resolve all of the disputed issues in this case, it is unnecessary for us to weigh the other factors included in the *Colorado River* analysis."). I nevertheless note that the remaining relevant factors collectively favor declining to stay this action.