IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIRK J. NYBERG,

        Plaintiff,

                                        3:15-cv-01175-PK

v.

                                        OPINION & ORDER

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

        Defendant.

PAPAK, Magistrate Judge:

        Plaintiff Kirk J. Nyberg brings this action against Defendant Portfolio Recovery

Associates, LLC ("PRA"), asserting claims under the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, *et seq.* ("FDCPA"). Now before the court is Nyberg's Motion for Judgment on

the Pleadings Against PRA's Affirmative Defenses (#30) ("Nyberg's Motion"). For the reasons

provided below, Nyberg's Motion is granted in part and denied in part.

## BACKGROUND

        PRA filed suit against Nyberg in the Circuit Court of the State of Oregon, County of

Washington, on June 25, 2014, seeking to collect amounts allegedly due on Nyberg's Capital

One Bank (USA), N.A. ("Capital One") credit card. That lawsuit will hereinafter be referred to

as *Nyberg I*. PRA alleged in its complaint in *Nyberg I* that Nyberg failed to dispute monthly bills

he received from Capital One, thereby establishing an account stated in the amount of $834.25,

which Nyberg failed to pay. On November 25, 2014, *Nyberg I* was dismissed without prejudice

for failure to prosecute.

Nyberg filed his initial Complaint (#1) in this action on June 25, 2015. He then filed a

First Amended Complaint (#24) on January 15, 2016. The First Amended Complaint is now the

operative pleading. Nyberg contends that PRA violated the FDCPA by filing *Nyberg I*.

Nyberg's FDCPA claim consists of the following four counts: (1) PRA falsely alleged in its

complaint in *Nyberg I* that it had an account stated, (2) PRA filed *Nyberg I* in an effort to

sidestep the statute of limitations and "other defenses" that arose out of the cardholder agreement

between Nyberg and Capital One, (3) PRA's claims in *Nyberg I* were barred by the applicable

statute of limitations, and (4) PRA overstated the debt owed by Nyberg. Am. Compl. ¶¶ 31-34

(#24).

PRA filed its Answer to Nyberg's First Amended Complaint (#26) [hereinafter Answer]

on February 5, 2016. PRA's Answer contains fourteen affirmative defenses. Nyberg now moves

for judgment on the pleadings as to each affirmative defense. *See* Answer 5-8 (#26).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a

party may move for judgment on the pleadings." "Judgment on the pleadings is proper when the

moving party clearly establishes on the face of the pleadings that no material issue of fact

remains to be resolved and that it is entitled to judgment as a matter of law . . . . However,

judgment on the pleadings is improper when the district court goes beyond the pleadings to

resolve an issue; such a proceeding must properly be treated as a motion for summary

judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th

Cir.1989) (citations omitted). "In evaluating a motion for judgment on the pleadings, the

allegations of the non-moving party are credited as true, whereas those allegations of the moving

party which have been denied are deemed false for purposes of the motion." *John Doe 310 v. Archdiocese of Portland in Oregon*, No. 3:13-CV-822-PK, 2014 WL 1668151, at *2 (D. Or. Apr. 25, 2014) (citation omitted).

An answer must "state in short and plain terms" the defenses to each claim asserted against the defendant. Fed. R. Civ. P. 8(b)(1)(A). Under Federal Rule of Civil Procedure 8(c), an "affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiffs claim are proven." *Barnes v. AT & T Pension Benefit Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1171–72 (N.D. Cal.2010) (citation omitted) (internal quotation marks omitted). An affirmative defense is sufficiently pled if it gives the plaintiff "fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

## DISCUSSION

Below, I analyze Nyberg's Motion as to each of PRA's affirmative defenses, separately. Before doing so, however, I must resolve two preliminary matters: (1) whether I should construe Nyberg's Motion as a motion to strike, and (2) whether the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to affirmative defenses.

PRA urges the court to construe Nyberg's Motion as a motion to strike and deny it as untimely under Federal Rule of Civil Procedure 12(f)(2), which requires motions to strike to be filed within 21 days after service of the challenged pleading. Nyberg captions his Motion as a "MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST PORTFOLIO RECOVERY ASSOCIATES LLC'S AFFIRMATIVE DEFENSES." He also sets forth the legal standard for motions for judgment on the pleadings in his moving papers. In his Reply (#34), Nyberg

reiterates that is Motion is one for judgment on the pleadings. I therefore construe Nyberg's Motion accordingly.

The parties also dispute whether the pleading standard set forth in *Twombly* and *Iqbal* applies to affirmative defenses. Nyberg argues that the standard is applicable, and PRA argues that it is not. I agree with Nyberg.

"Although the Ninth Circuit has yet to rule on the issue, the majority of district courts addressing the issue have required affirmative defenses to meet the heightened pleading standard dictated by the Supreme Court in *Twombly* and *Iqbal*." *Hayden v. United States*, No. 3:14-CV-1060-AC, 2015 WL 350665, at *5 (D. Or. Jan. 26, 2015) (collecting cases); *see also Gessele v. Jack in the Box, Inc.*, No. 3:10-CV-960-ST, 2011 WL 3881039, at *1-2 (D. Or. Sept. 2, 2011) (discussing disagreement among judges within this court and other district courts within the Ninth Circuit as to whether the *Twombly* and *Iqbal* pleading standard applies to affirmative defenses). Although the state of the law on the issue is currently in flux, I agree with Judge Acosta's recent conclusion in *Hayden v. United States* that the *Twombly* and *Iqbal* pleading standard applies to affirmative defenses. *See* 2015 WL 350665, at *2-6. Judge Accosta's conclusion is supported by an extensive, well-reasoned analysis. *See id.* at *2-6. Rather than rehash that analysis here, I incorporate it by reference into this Opinion and Order.

The pleading standard set forth in *Twombly* and *Iqbal* requires PRA's affirmative defenses to contain more than a mere "formulaic recitation of the elements" of a defense. *Twombly*, 550 U.S. at 555. Rather, the affirmative defenses must be supported by factual allegations that make the defenses "plausible" on their face. *See id.* at 547. I now proceed to analyze each of PRA's affirmative defenses against that plausibility pleading standard.

## I.    First Affirmative Defense—Failure to State a Claim

PRA's First Affirmative Defense is pled in its entirety as follows:

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The allegations of the FAC fail to state a claim against PRA upon which relief can
be granted.

Answer 5 (#26).  Nyberg argues he is entitled to judgment on the pleadings as to PRA's First

Affirmative Defense because, when read along with the general denial in PRA's Answer, the

defense is redundant.  Nyberg also contends that PRA was required to plead facts showing that

Nyberg failed to state a claim for relief.  In response, PRA notes that the Federal Rule of Civil

Procedure 12(b) and 12(h)(2) expressly permit parties to plead failure to state a claim for relief in

a responsive pleading.

Nyberg is not entitled to judgment on the pleadings as to PRA's First Affirmative

Defense.  This court has previously recognized that failure to state a claim for relief is a negative

defense, not an affirmative defense.  *See Gessele*, 2011 WL 3881039, at *2 (citation omitted).

Unlike affirmative defenses, negative defenses typically do not have to be pled to avoid waiver.

*See, e.g.*, *John Doe 310 v. Archdiocese of Portland in Oregon*, No. 3:13-CV-822-PK, 2014 WL

1668151, at *3 (D. Or. Apr. 25, 2014).  However, as PRA accurately notes, the Federal Rules of

Civil Procedure expressly permit parties to plead failure to state a claim for relief in a responsive

pleading.  *See* Fed. R. Civ. P. 12(b), (h)(2).  Indeed, Rule 12(h)(2) makes clear that a defendant

waives the defense if it does not raise it through a motion, responsive pleading, or amended

pleading.  Here, PRA chose to raise the defense in its responsive pleading rather than by motion.

The fact that PRA alleges both a general denial and failure to state a claim for relief does

not entitle Nyberg to judgment on the pleadings.  *See John Doe 310*, 2014 WL 1668151, at *3-4

(declining to grant plaintiff judgment on the pleadings as to the defendant's Seventh Affirmative Defense, even though the defense was a negative defense that was preserved by the defendant's general denial). Nor was PRA required to plead any facts showing that Nyberg failed to state a claim for relief. *See Gessele*, 2011 WL 3881039, at *3 ("In response to an initial complaint, an affirmative defense based on failure to state a claim may be alleged in a conclusory fashion."). Consequently, Nyberg is not entitled to judgment on the pleadings as to PRA's First Affirmative Defense.

## II.   Second Affirmative Defense—Statute of Limitations/Laches

PRA's Second Affirmative Defense is pled in its entirety as follows:

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations/Laches)

The purported claims set forth in the FAC are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

Answer 6 (#26). Nyberg argues he is entitled to judgment on the pleadings as to PRA's Second Affirmative Defense because Laches is an equitable defense, and as such, fails as a matter of law against Nyberg's FDCPA claim. Nyberg further argues that PRA's Second Affirmative Defense fails as a matter of law because it does not allege the applicable statute of limitations or facts demonstrating that Nyberg failed to bring this action within the limitations period. Nyberg also contends that he is entitled to judgment on the pleadings as to PRA's Second Affirmative Defense because it alleges both the statute of limitations and laches, and therefore, the pleading fails to give Nyberg fair notice of the defense.

PRA's opposition to Nyberg's Motion does not contain any responsive argument regarding PRA's Second Affirmative Defense. Consequently, Nyberg is entitled to judgment on

the pleadings as to that defense. *See, e.g., Engle v. Liberty Mut. Fire Ins. Co.*, 402 F. Supp. 2d 1157, 1160 (D. Haw. 2005) (granting unopposed motion for partial judgment on the pleadings).

**III.    Third Affirmative Defense—Bona Fide Error**

PRA's Third Affirmative Defense is pled in its entirety as follows:

THIRD AFFIRMATIVE DEFENSE

(Bona Fide Error)

> To the extent that any violation of law occurred, which PRA expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by PRA of procedures reasonably adapted to avoid any such error.

Answer 6 (#26). Nyberg argues he is entitled to judgment on the pleadings as to PRA's Third Affirmative Defense because PRA failed to allege any facts to support the defense, and consequently, the pleading fails to give Nyberg fair notice of the defense. Nyberg further argues that because PRA's Third Affirmative Defense essentially alleges mistake, PRA was required to plead the defense according to the heightened particularity pleading standard provided by Federal Rule of Civil Procedure 9(b). In response, PRA argues that it is not required to plead any facts in support of its Third Affirmative Defense, let alone facts sufficient to satisfy the heightened pleading standard provided by Rule 9(b).

Nyberg is entitled to judgment on the pleadings as to PRA's Third Affirmative Defense. The defense contains nothing more than a bare-bones recitation of the statutory defense. *See* 5 U.S.C.A. § 1692k(c) ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."). I reject PRA's contention that it is not required to plead any facts supporting its bona fide error affirmative defense. As explained above, PRA

must plead its defenses with enough factual detail to give Nyberg "fair notice" of the defenses.

Fair notice demands something more than a bare-bones recitation of the elements of a defense.

*See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at 555)).[1] Indeed, at

least two district courts within the Ninth Circuit have held that the FDCPA bona fide error

affirmative defense is subject to Rule 9(b)'s heightened pleading standard. *See Youssofi v. Allied

Interstate LLC*, No. 15CV2197-GPC(JLB), 2016 WL 29625, at *3-4 (S.D. Cal. Jan. 4, 2016)

(collecting cases from other district courts); *Nguyen v. HOVG, LLC*, No. 14CV837 BTM RBB,

2014 WL 5361935, at *2 (S.D. Cal. Oct. 20, 2014) (citations omitted).  Consequently, Nyberg is

entitled to judgment on the pleadings as to PRA's Third Affirmative Defense.

## IV.   Fourth Affirmative Defense—No Willful Conduct

PRA's Fourth Affirmative Defense is pled in its entirety as follows:

### FOURTH AFFIRMATIVE DEFENSE

#### (No Willful Conduct)

PRA acted in good faith at all times in its dealings with Plaintiff, and if any
conduct by PRA is found to be unlawful, which PRA expressly denies, such
conduct was not willful and should not give rise to liability.

Answer 6 (#26).  Nyberg argues he is entitled to judgment on the pleadings as to PRA's

Fourth Affirmative Defense because the FDCPA is a strict liability statute.  In response, PRA

argues that its Fourth Affirmative Defense is proper because state of mind is relevant to damages

under the FDCPA.

---

[1] PRA cites *Saeedi v. M.R.S. Associates*, 2007 WL 1875975, at *1 (N.D. Cal. June 28, 2007) for
the proposition that it does not need to plead a factual basis for its bona fide error affirmative
defense.  However, *Saeedi* was decided just after *Twombly* and does not cite to it.  Therefore, I
find the case unpersuasive and decline to adopt its reasoning or holding.

I agree with PRA. As Nyberg concedes, state of mind is relevant to damages under the

FDCPA. When determining the amount of statutory damages, the court must consider, among

other things, "the extent to which the debt collector's noncompliance was intentional."[2] 15 U.S.C.

§ 1962k(b)(1). Consequently, Nyberg is not entitled to judgment on the pleadings as to PRA's

Fourth Affirmative Defense. *See also John Doe 310*, 2014 WL 1668151, at *3 ("[T]here is no

impropriety in pleading a negative defense, however superfluous it may be to do so.").

**V.    Fifth Affirmative Defense—Failure to Mitigate**

PRA's Fifth Affirmative Defense is pled in its entirety as follows:

FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable
steps to mitigate any alleged damages that he may have and is therefore barred
from recovering damages, if any, from PRA.

Answer 6 (#26). Nyberg argues he is entitled to judgment on the pleadings as to PRA's Fifth

Affirmative Defense because PRA failed to allege any facts in support of the defense. In

response, PRA argues that pled a sufficient factual basis in support of its Fifth Affirmative

Defense.

I agree with Nyberg. PRA failed to plead a single fact supporting its Fifth Affirmative

Defense. Consequently, Nyberg is entitled to judgment on the pleadings as to that defense. *See,

e.g., Hayden*, 2015 WL 350665, at *6 ("All defenses asserted by the [defendant] must be

"factually plausible." Thus, in pleading its affirmative defenses, the [defendant] should identify

the actors and, to the extent possible, the acts and omissions relied upon for its enumerated

defenses.").

---

[2] Nyberg seeks to recover statutory damages on his FDCPA claim. *See* Am. Compl. ¶ 35 (#24).

## VI.    Sixth Affirmative Defense—Waiver

PRA's Sixth Affirmative Defense is pled in its entirety as follows:

SIXTH AFFIRMATIVE DEFENSE

(Waiver)

> Plaintiff has waived his rights, if any, to recover the relief he seeks in the FAC
> based upon his own conduct and admissions with respect to the financial
> obligation at issue.

Answer 6 (#26).  Nyberg argues he is entitled to judgment on the pleadings as to PRA's Sixth

Affirmative Defense because, under the Ninth Circuit's holding in *Clark v. Capital Credit &*

*Collection Service* 460 F.3d 1162, 1171 (9th Cir. 2006), Nyberg cannot waive the FDCPA

protections that form the basis of his claim.  In response, PRA argues that FDCPA protections

can be waived.

I agree with Nyberg.  Nyberg alleges that PRA violated the FDCPA's prohibitions against

debt collection through harassment or abuse, false or misleading statements, and unfair or

unconscionable means.  *See* Am. Compl. ¶¶ 31-34 (#24).  The *Clark* court made clear that

consumers cannot waive those FDCPA prohibitions.  After explaining that "waiver is not

appropriate when it is inconsistent with the provision creating the right sought to be secured," the

court stated "what should be obvious: a consumer's consent cannot waive protection from the

practices the FDCPA seeks to eliminate, such as false, misleading, harassing or abusive

communications. Permitting such a waiver would violate the public policy goals pursued by the

FDCPA." *Clark*, 460 F.3d t 1170-71 n.5 (citations omitted).  Consequently, PRA's Sixth

Affirmative Defense fails as a matter of law, and Nyberg is entitled to judgment on the pleadings

as to that defense.

## VII.    Seventh Affirmative Defense—Good Faith

PRA's Seventh Affirmative Defense is pled in its entirety as follows:

SEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

PRA has, at all material times with respect to Plaintiff, acted in good faith in an
effort to comply fully with all relevant federal and state laws.

Answer 7 (#26).  Nyberg argues he is entitled to judgment on the pleadings as to PRA's Seventh

Affirmative Defense because: "If the defense is maintained then PRA cannot object on the basis

of privilege to plaintiff's inquiry as to what PRA believed the state of the law was and how it

attempted to comply with the law."  Plf.'s Mot. 9 (#30).  As with PRA's Fourth Affirmative

Defense, Nyberg argues once again that the FDCPA is a strict liability statute, and as a result,

good faith is irrelevant.  Although PRA opposes Nyberg's strict liability argument as set forth

above, it does not respond to Nyberg's argument regarding privilege.

Notwithstanding PRA's failure to respond to Nyberg's privilege argument, I cannot

conclude that Nyberg is entitled to judgment as a matter of law on PRA's Seventh Affirmative

Defense.  As explained above, I am prohibited from going beyond the pleadings in ruling on

Nyberg's Motion.  *See Hal Roach Studios*, 896 F.2d at 1550 (citations omitted).  The privilege

issue Nyberg raises is beyond the pleadings and more appropriately addressed through a motion

to compel.  Additionally, I have already rejected Nyberg's strict liability argument for the reasons

provided above.  Consequently, Nyberg is not entitled to judgment on the pleadings as to PRA's

Seventh Affirmative Defense.  *See also John Doe 310*, 2014 WL 1668151, at *3 ("[T]here is no

impropriety in pleading a negative defense, however superfluous it may be to do so.").

## VIII.    Eighth Affirmative Defense—Unclean Hands

PRA's Eighth Affirmative Defense is pled in its entirety as follows:

EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The allegations in the FAC and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

Answer 7 (#26). Nyberg argues he is entitled to judgment on the pleadings as to PRA's Eighth Affirmative Defense because unclean hands is an equitable defense, and therefore, it is inapplicable to Nyberg's FDCPA claim. In response, PRA argues that unclean hands is a proper defense to an FDCPA action. In support, PRA relies on cases holding that unclean hands is a proper defense to actions for Lanham Act violations, patent infringement, and violations of the Americans with Disabilities Act ("ADA").

Unclean hands is not a proper defense to an FDCPA claim. *See McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 749 (N.D. Ill. 2003) (citing *Keele v. Wexler*, 149 F.3d 589, 591–96 (7th Cir. 1998)). It is well-settled that unclean hands is an equitable defense. *See, e.g., Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985). Although the defense has been extended to statutory claims for patent infringement and violations of the Lanham Act and the ADA, the FDCPA is distinguishable from those statutes. The FDCPA focuses primarily (if not exclusively) on the conduct of the debt collector. Consequently, whether an FDCPA plaintiff has unclean hands is irrelevant to the defendant's liability for violating the statute. *See McCabe*, 272 F. Supp. 2d at 749 (citing *Keele*, 149 F.3d at 591–96). Nyberg is therefore entitled to judgment on the pleadings as to PRA's Eighth Affirmative Defense.

## IX.   Ninth Affirmative Defense—Equitable Indemnity

PRA's Ninth Affirmative Defense is pled in its entirety as follows:

NINTH AFFIRMATIVE DEFENSE

(Equitable Indemnity)

> To the extent that Plaintiff has suffered any damage as a result of any alleged act
> or omission of PRA, which PRA expressly denies, PRA is entitled to equitable
> indemnity according to comparative fault from other persons and/or entities
> causing or contributing to such damages, if any.

Answer 7 (#26). Nyberg argues he is entitled to judgment on the pleadings as to PRA's Ninth

Affirmative Defense because equitable indemnity and comparative negligence are not proper

defenses to an FDCPA claim. In response, PRA argues that the defense is applicable because it

would negate or reduce the actual damages alleged by Nyberg.

I agree with Nyberg. Equitable indemnity and comparative fault are not defenses to an

FDCPA claim. *See Perez v. Gordon & Wong Law Grp.*, P.C., No. 11-CV-03323-LHK, 2012

WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012); *Scott v. Fed. Bond & Collection Serv., Inc.*, No.

10-CV-02825-LHK, 2011 WL 176846, at *6 (N.D. Cal. Jan. 19, 2011). Consequently, Nyberg is

entitled to judgment on the pleadings as to PRA's Ninth Affirmative Defense.

## X.    Tenth Affirmative Defense—Standing

PRA's Tenth Affirmative Defense is pled in its entirety as follows:

TENTH AFFIRMATIVE DEFENSE

(Standing)

> Plaintiff has not suffered any injury as a result of PRA's alleged conduct and
> therefore lacks standing to sue.

Answer 7 (#26). Nyberg contends that he is "at a loss for how standing is an issue." Plf.'s Mot.

11 (#30). In response, PRA argues that Nyberg will be unable to prove that he suffered actual

damages, and his claim for statutory damages will fail as well. As a result, PRA argues, Nyberg

will be unable to establish that he suffered an injury in fact sufficient to confer standing.

PRA's Tenth Affirmative Defense fails as a matter of law. The Supreme Court recently

reiterated the three elements that form the "irreducible constitutional minimum" of standing:

"The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the

challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial

decision." *Spokeo, Inc. v. Robins*, No. 13-1339, 2016 WL 2842447, at *5 (U.S. May 16, 2016)

(citations omitted) (internal quotation marks omitted). "To establish injury in fact, a plaintiff

must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and

particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at *6 (citation

omitted).

Nyberg's claim that PRA attempted to collect a debt in violation of the FDCPA by filing

*Nyberg 1* sufficiently alleges that he suffered a concrete, particularized injury. *See Tourgeman v.*

*Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117 (9th Cir. 2014); *see also Spokeo*, 2016 WL

2842447, at *5 ("Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . .

allege facts demonstrating" each element [of standing]." (alteration in original) (quoting *Warth v.*

*Seldin*, 422 U.S. 490, 518 (1975))). It is undisputed that PRA initiated *Nyberg 1* against Nyberg.

*See* Answer ¶ 22 (#26). Consequently, Nyberg is entitled to judgment on the pleadings as to

PRA's Tenth Affirmative Defense.

## XI.     Eleventh Affirmative Defense—First Amendment

PRA's Eleventh Affirmative Defense is pled in its entirety as follows:

ELEVENTH AFFIRMATIVE DEFENSE

(First Amendment)

PRA's conduct is protected under the First Amendment of the United States
Constitution. Plaintiff's proposed interpretation of provisions of the Fair Debt
Collection Practices Act must be rejected as it would place an unreasonable
restraint upon PRA's First Amendment rights, thereby raising serious
constitutional issues.

Answer 7 (#26). Nyberg argues that it is entitled to judgment on the pleadings as to PRA's

Eleventh Affirmative Defense because PRA failed to identify the protected speech it engaged in.

In response, PRA argues that it has a First Amendment right to pursue litigation against

consumers who do not fulfill their financial obligations.

PRA's Eleventh Affirmative Defense fails as a matter of law. As explained above, the

essence of Nyberg's FDCPA claim is that PRA violated the statute by filing its complaint in

*Nyberg 1*. PRA does not cite any authority in support of its argument that it has a First

Amendment right to pursue litigation against consumers who do not fulfill their financial

obligations. Although Nyberg likewise fails to cite any authority on point, I was able to find

several cases addressing the issue. All of those decisions support the conclusion that the First

Amendment does not confer a right upon debt collectors to petition courts in a manner that

violates the FDCPA. *See Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 616 (6th Cir.

2009) ("[T]he First Amendment does not shield lawyers engaged in litigation from FDCPA

liability."); *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Associates, P.C.*, 114 F. Supp.

3d 1342, 1359-61 (N.D. Ga. 2015) (collecting cases holding that the First Amendment does not

provide a defense against FDCPA claims); *Marie v. Legal Express, Ltd.*, No. C-15-3977 MMC,

2015 WL 7454147, at *2 (N.D. Cal. Nov. 24, 2015) ("[U]nder federal law, the 'Noerr-Pennington

doctrine,' which requires federal statutes be construed to 'avoid burdening conduct that implicates

the protections afforded by the [First Amendment's] Petition Clause,' is not a defense to an

FDCPA claim . . . based on the defendant's having made false statements in connection with a

court proceeding." (alteration in original) (citations omitted)); *Reyes v. Kenosian & Miele, LLP*,

619 F. Supp. 2d 796, 804 (N.D. Cal. 2008) (rejecting "Defendants' assertion that the First

Amendment, as a matter of law, protects the filing of a state court complaint from the reach of

the FDCPA"); *see also Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-32 (9th Cir. 2010)

("[A] complaint served directly on a consumer to facilitate debt-collection efforts is a

communication subject to the requirements of [15 U.S.C.] §§ 1692e and 1692f.").

Consequently, Nyberg is entitled to judgment on the pleadings as to PRA's Eleventh

Affirmative Defense.

## XII.   Twelfth Affirmative Defense—Apportionment

PRA's Twelfth Affirmative Defense is pled in its entirety as follows:

TWELFTH AFFIRMATIVE DEFENSE

(Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff
as alleged in the FAC, those damages were proximately caused by and
contributed by persons other than PRA. The liability, if any exists, of PRA and/or
any responsible parties, named or unnamed, should be apportioned according to
their relative degrees of fault, and the liability of PRA should be reduced
accordingly.

Answer 8 (#26).  Nyberg argues he is entitled to judgment on the pleadings as to PRA's Twelfth

Affirmative Defense because it is not a proper defense to an FDCPA claim.  In response, PRA

argues that apportionment is a proper defense to an FDCPA claim.

I agree with Nyberg.  Apportionment is not a proper defense to an FDCPA claim.  *See*

*Perez*, 2012 WL 1029425, at *11.  Consequently, Nyberg is entitled to judgment on the

pleadings as to PRA's Twelfth Affirmative Defense.

## XIII.   Thirteenth Affirmative Defense—Supervening Cause

PRA's Thirteenth Affirmative Defense is pled in its entirety as follows:

THIRTEENTH AFFIRMATIVE DEFENSE

(Supervening Cause)

The causes of action in the FAC are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which PRA had or has no control.

Answer 8 (#26). Nyberg argues he is entitled to judgment on the pleadings as to PRA's

Thirteenth Affirmative Defense because PRA failed to allege any facts in support of the defense.

Nyberg further argues that the supervening cause defense is inapplicable to the FDCPA. In

response, PRA argues that its supervening cause defense is applicable to Nyberg's FDCPA claim

because it will bar or limit the amount of actual damages Nyberg seeks to recover under that

claim.

PRA's Thirteenth Affirmative Defense is deficient because it fails to give Nyberg fair

notice of the defense. In *Perez v. Gordon & Wong Law Group*, the United States District Court

for the Northern District of California struck an identical affirmative defense.[3] As the court

explained:

> The Court agrees with Plaintiff that none of the affirmative defenses are pled with sufficient particularity to give Plaintiff fair notice of the grounds for the asserted defense. [An] illustrative example is the tenth affirmative defense, "supervening cause," which reads in its entirety: "The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants have or have no control." Answer at 10. Defendants fail to allege any actual intervening or supervening events on which they base their affirmative defense. All of the affirmative defenses are similarly deficient. Without these basic factual allegations, Plaintiff cannot ascertain the grounds for Defendants' various affirmative defenses and is thus deprived of fair notice.

2012 WL 1029425, at *10. I am persuaded by the reasoning of the *Perez* court. Consequently,

Nyberg is entitled to judgment on the pleadings as to PRA's Thirteenth Affirmative Defense.

## XIV.    Fourteenth Affirmative Defense—Setoff

PRA's Fourteenth Affirmative Defense is pled in its entirety as follows:

---

[3] Notably, the defendant in *Perez* was represented by the same firm that represents PRA in this action.

FOURTEENTH AFFIRMATIVE DEFENSE

(Set-off)

> To the extent that Plaintiff is entitled to recover any damages, which PRA denies,
> PRA is entitled to a setoff in the amount of Plaintiff's unpaid financial obligation.

Answer 8 (#26). Nyberg argues he is entitled to judgment on the pleadings as to PRA's

Fourteenth Affirmative Defense because setoff is an equitable doctrine that cannot be asserted as

an affirmative defense to an FDCPA claim. In support, Nyberg cites *Reed v. Global Acceptance*

*Credit* No. C-08-01826-RMW, 2008 WL 3330165, at *7 (N.D. Cal. Aug. 12, 2008), wherein the

United States District Court for the Northern District of California suggested that setoff could not

be asserted as a defense or counterclaim to an FDCPA claim because it would be "contrary to the

established policies of [the] FDCPA."

PRA's opposition to Nyberg's Motion does not contain any responsive argument

regarding PRA's Fourteenth Affirmative Defense. Consequently, Nyberg is entitled to judgment

on the pleadings as to that defense. *See, e.g., Engle*, 402 F. Supp. 2d at 1160 (granting

unopposed motion for partial judgment on the pleadings).

## XV.   Leave to Amend

PRA moves the court for leave to amend its Answer in the event any of its affirmative

defenses are found to not be properly pled. As explained above, with the exception of the First

Affirmative Defense (failure to state a claim), Fourth Affirmative Defense (no willful conduct),

and Seventh Affirmative Defense (good faith), all of PRA's affirmative defenses are improperly

pled.

Although Rule 12(c) is silent as to leave to amend, courts have discretion to grant a Rule

12(c) motion with leave to amend. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945

(C.D. Cal. 2004). Additionally, courts "should freely give leave when justice so requires." Fed.

R. Civ. P. 15(a)(2). Courts consider the following factors in adjudicating motions to amend: (1) undue prejudice to the opposing party, (2) undue delay, (3) repeated failure to cure deficiencies by previous amendments, (4) bad faith, (5) dilatory motive, and (6) futility of the proposed amendment. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citations omitted).

Because PRA's opposition to Nyberg's Motion does not contain any responsive argument regarding the Second and Fourteenth Affirmative Defenses, I find that an amendment of those defenses would be futile. Consequently, those defenses will be dismissed with prejudice. Additionally, for the reasons provided above, PRA's Sixth Affirmative Defense (waiver), Eighth Affirmative Defense (unclean hands), Ninth Affirmative Defense (equitable indemnity), Tenth Affirmative Defense (standing), Eleventh Affirmative Defense (First Amendment), and Twelfth Affirmative Defense (apportionment) are also futile. Those defenses will therefore be dismissed with prejudice as well.

That leaves the Third Affirmative Defense (bona fide error), Fifth Affirmative Defense (failure to mitigate) and Thirteenth Affirmative Defense (supervening cause). Nyberg initially argued that PRA should not be granted leave to amend those defenses because he would be prejudiced by his inability to conduct additional discovery on the amended defenses prior to June 2, 2016 discovery deadline that is currently in place in this matter. However, I have since extended the discovery deadline. Consequently, PRA will be granted leave to amend its Third, Fifth, and Thirteenth Affirmative Defense.

## CONCLUSION

For the reasons provided above, Nyberg's Motion (#30) is granted and denied as follows:

1. The Motion is denied with respect to the First, Fourth, and Seventh Affirmative Defenses.

2. The Motion is granted with respect to the Third, Fifth, and Thirteenth Affirmative Defenses, and those defenses are dismissed without prejudice.

3. The Motion is granted with respect to the Second, Sixth, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses, and those defenses are dismissed with prejudice.

Additionally, PRA is ordered to file an amended answer within 10 days of the date of this Opinion and Order.

Dated this 2nd day of June, 2016.

Honorable Paul Papak
United States Magistrate Judge