THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KIRK J. NYBERG,

        Plaintiff,

       v.

PORTFOLIO RECOVERY ASSOCIATES,
L.L.C.,

        Defendant.

No. 3:15-cv-01175-PK

**OPINION AND ORDER**

**PAPAK, Magistrate Judge:**

Plaintiff Kirk J. Nyberg brings this action against Defendant Portfolio Recovery
Associates, LLC, claiming that Defendant violated the Fair Debt Collection Practices Act
(FDCPA), 15 U.S.C. § 1692, by bringing an action against Plaintiff in state court seeking to
collect $834 allegedly due on Plaintiff's credit card account with Capital One Bank (USA), N.A.
(Capital One). The collection action was later dismissed for failure to prosecute. Here, Plaintiff
claims that Defendant's state court collection action violated the FDCPA by asserting a claim for
account stated rather than a claim for breach of the cardholder agreement between Plaintiff and
Capital One.

Page -1-   OPINION AND ORDER

Both parties move for summary judgment. For the following reasons, I grant Defendant's motion and deny Plaintiff's motion.

## BACKGROUND

The parties stipulate to the following facts for purposes of this action only: (1) Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6); (2) Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3); (3) the debt at issue is a consumer debt, as defined by 15 U.S.C. § 1692a(5); and (4) Plaintiff received three cardholder agreements while he held an account with Capital One. Stipulations of Fact, ECF No. 53.

Defendant "is in the business of acquiring delinquent credit accounts for collection." Eyre Decl. ¶ 3, ECF No. 49-1. In December 2012, Defendant agreed to purchase "a portfolio of charged-off credit card accounts" from Capital One through a "Forward Flow Receivable Sale Agreement." *Id.* Plaintiff's account with Capital One was included in the sale to Defendant.

When Capital One sold Plaintiff's credit card account (the Account) to Defendant, it provided Plaintiff's billing address, phone number, social security number, date of last payment, the date that Capital One "charged-off" the Account, and the balance due. Defendant's last payment was posted July 19, 2010, and the unpaid balance was then $834.25. After charge-off, Capital One assessed interest of $142.32, so the total balance due was $976.57. Eyre Decl. ¶ 4. Defendant later obtained Plaintiff's monthly account statements from Capital One. Plaintiff did not dispute the amounts due.

After Defendant acquired Plaintiff's Account, it wrote Plaintiff in an attempt to collect the amount due, which Defendant set at $977. After its initial collection efforts failed, Defendant filed the action (the State Court Action) against Plaintiff in Washington County Circuit Court on

Page -2-  OPINION AND ORDER

June 25, 2014. Nordyke Decl. ¶ 4, ECF No. 49-2. Defendant's complaint asserted only one

claim, for account stated, seeking $834.25. *Id.* & Ex. A (copy of complaint in State Court

Action). Dale Nordyke, who works as associate counsel for Defendant, filed the State Court

Action. Plaintiff was represented by counsel in the State Court Action.

On November 24, 2014, the State Court Action was dismissed without prejudice for

failure to prosecute. Nordyke Decl. ¶ 6. It is unclear on this record why Defendant failed to

pursue the State Court Action, but the reason for the dismissal is not relevant here.

## LEGAL STANDARDS FOR SUMMARY JUDGMENT MOTIONS

The court must grant summary judgment if there are no genuine issues of material fact

and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the

moving party shows that there are no genuine issues of material fact, the nonmoving party must

go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*,

477 U.S. 317, 322-23 (1986).

## DISCUSSION

Plaintiff claims that Defendant's complaint in the State Court Action violated the

FDCPA. It is undisputed that "a complaint served directly on a consumer to facilitate

debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f [of

the FDCPA]." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-32 (9th Cir. 2010).

Plaintiff's claim comprises four counts: (1) Defendant falsely asserted a claim for account stated,

(2) Defendant brought the account stated claim to evade the statute of limitations and "other

defenses" that would have been available if Defendant had brought a claim for breach of contract

based on the cardholder agreement between Plaintiff and Capital One, (3) Defendant's account

Page -3-   OPINION AND ORDER

stated claim was barred by the applicable statute of limitations, and (4) Defendant overstated the

debt owed by Plaintiff. Am. Compl. ¶¶ 31-34, ECF No. 24.

Here, Defendant's complaint in the State Court Action alleges, "Defendant, by failing to

object or otherwise dispute the stated balance of the account, and by becoming indebted to the

Original Creditor [Capital One] for the total sum stated herein, and by impliedly agreeing to pay

the total sum, but in failing to pay the total sum," has incurred liability for an account stated.

Nordyke Decl., Ex. A, at ¶ 11, ECF No. 49-2. Plaintiff does not allege that he ever objected to

Capital One's account statements.

Plaintiff argues that Defendant's claim for account stated is defective because Defendant

has not shown that he and Capital One actually agreed on the amount owing based on the

statements sent by Capital One. Pl. Resp. 3, ECF No. 59 ("[t]here was no evidence that Capital

One and [Plaintiff] intended to create the agreement alleged by" Defendant); *see also* Pl. Reply 7,

ECF No. 62 (Defendant "had no facts to support its contention that Capital One and plaintiff

intended to form a new agreement with the statement it relied upon, much less any other

statement"); Pl. Resp. 20 ("It is particularly deceptive because the actual facts are true but the

assertion that the parties engaged purposely in conduct that stated the account is false."). Under

Oregon law, however, "[a]n agreement supporting an account stated cause of action may be

express or implied from the circumstances. An account stated may be created by failure to object

to a billing within a reasonable time. The thrust of this theory is that an agreement may be

inferred from the failure of the debtor to object to an accounting he receives from a creditor."

*Tri-County Ins., Inc. v. Marsh*, 45 Or. App. 219, 223, 608 P.2d 190, 192 (1980) (citations

omitted); *see also Eimco BSP Service Co. v. Valley Inland Pac. Constructors, Inc.*, 626 F.2d 669,

671–72 (9th Cir. 1980) (summarizing Oregon law on claims for account stated).   Regardless of

whether Plaintiff intended to agree on the account stated in the Capital One statements,

Plaintiff's failure to respond to the statements implies an agreement under Oregon law,

supporting a claim for account stated.

Although there is apparently no Oregon decision on whether an account stated claim is

available to a debt collector under these precise facts, Defendant cites multiple decisions from

state and federal courts holding that creditors or debt collectors may bring claims for account

stated to recover unpaid credit card obligations. *See, e.g., Shubin v. Midland Credit Mgmt., Inc.*,

No. CV 07-8033 AHM (Ex), 2008 WL 5042849, at *5 (C.D. Cal. Nov. 24, 2008) (rejecting

argument that "an action for unpaid credit card debt must be for breach of an original credit card

agreement rather than for an account stated") (applying California law); *Carpenter v. Monroe*

*Fin. Recovery Group, LLC*, 119 F. Supp. 3d 623, 632 (E.D. Mich. 2015) (holding that an "action

on an 'account stated' is well established as a valid form of collection proceeding under

Michigan law"); Def. Mot. 6-10 & nn.4-7, ECF No. 49 (citing more than 20 other decisions

either expressly or implicitly authorizing claims for account stated).

I agree with Defendant that under the alleged facts here, Oregon courts would permit a

debt collector to assert a claim for account stated.   As noted, Oregon law provides that an

agreement may be implied by the debtor's failure to object to the creditor's statement of the

amount due. *Tri-County Ins.,* 45 Or. App. at 223, 608 P.2d at 192.   I conclude that Defendant's

complaint in the State Court Action adequately pleads a claim for account stated under Oregon

law.

Plaintiff contends that Defendant brought the account stated claim to "circumvent the

Page -5-   OPINION AND ORDER

applicable statute of limitations and mislead unsuspecting consumers into not contesting the claims." Pl. Mot. 39-40, ECF No. 50. The FDCPA prohibits debt collectors from using false, deceptive, or misleading representations or means in collecting a debt. 15 U.S.C. § 1692e. In evaluating claims under § 1692e, the court uses a "least sophisticated debtor" standard. *Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir. 1996). A debt collector violates § 1692e when its actions "are likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" *Id.*

Here, I conclude that Defendant's complaint in the State Court Action would not be misleading to the least sophisticated consumer. It is not misleading for a collection agency to assert a claim for account stated rather than a claim for breach of contract. The plaintiff is master of the complaint, and Plaintiff here has not shown that the FDCPA requires a creditor to bring claims that would be easier for the consumer to defend. *See, e.g., Briggs v. Merck Sharp & Dohme,* 796 F.3d 1038, 1049 (9th Cir. 2015) (district court may not "transform plaintiffs from masters of their complaints into servants of defendants' litigation strategy").

Plaintiff also argues that Defendant's complaint in the State Court Action was misleading because it cited the Fair Credit Billing Act, 15 U.S.C. § 1666, in alleging that Plaintiff failed to object to the account balance within a reasonable time. *See* Nordyke Decl., Ex. A, Compl. ¶ 3 ("Defendant did not object or otherwise dispute said statements [from Capital One] within the time prescribed by 15 U.S.C. § 1666."). Because Plaintiff did not ever dispute the Capital One statements, the complaint's citation to 15 U.S.C. § 1666[1] could not have misled him on whether

---

[1] *Lyon v. Chase Bank USA, N.A.,* 656 F.3d 877, 880 (9th Cir. 2011)("If a credit-card holder sends a written notice disputing a charge within sixty days of receiving a bill, the FCBA requires a credit-card issuer to acknowledge the dispute within thirty days, investigate the matter, and provide a written explanation of its decision within ninety days.") (citing 15 U.S.C. § 1666(a)).

he had timely objected to the account balance. The least sophisticated consumer would understand that when a creditor sends a credit card statement seeking payment, the consumer may not ignore the creditor's statement without consequences, up to and including collection efforts.

Plaintiff also argues that Defendant had no right to initially assert a debt of $977 in letters sent to Plaintiff before Defendant brought the State Court Action. As Plaintiff notes, in the State Court Action, Defendant claimed a debt of $834. Under the facts here, however, either amount is valid. The higher amount includes interest accrued after Capital One cut off Plaintiff's account before selling the account to Defendant. Defendant was free to seek the lower amount in the State Court Action. Even if seeking the lower amount could be considered misleading, there is no violation of the FDCPA because it is not "material." *See Donahue*, 592 F.3d at 1033-34. In evaluating a claim under the FDCPA, this court is "not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id.* at 1034.

Plaintiff argues that the account stated claim is governed by Virginia law, which has a three-year statute of limitations for contract claims, rather than Oregon's six-year statute of limitations. Plaintiff defaulted on his Account with Capital One on July 19, 2010, and Defendant filed the State Court Action on June 25, 2014.

I agree with Defendant that the choice of law provision in the cardholder agreement does

--------

not apply to the claim for account stated, which is not based on the cardholder agreement. An action for account stated is independent of the underlying agreement between the parties. *Meridianal Co. v. Moeck*, 121 Or. 133, 138, 253 P. 525, 526 (1927). Because Oregon substantive law applies to the claim for account stated, the Oregon statute of limitations applies. *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 951 (9th Cir. 2005) (interpreting Or. Rev. Stat. § 12.430 on choice of law, holding that this court first determines which state's substantive law applies to the claim at issue, and then applies that state's statute of limitations to the claim).

Plaintiff argues that the complaint in the State Court Action improperly stated that as part of the cardholder agreement with Capital One, Plaintiff had agreed to pay cost costs incurred in enforcing the agreement.[2] Nordyke Decl., Ex. A, at ¶ 5 ("As part of the Agreement Defendant agreed to pay all court costs incurred in enforcing the Agreement."). Plaintiff contends that this allegation was intended to intimidate consumers into believing court costs were recoverable without an award by the court. I conclude that under the facts here, the request for costs would not mislead the least sophisticated debtor because a party may request costs as part of its prayer for relief, dependent on the court's ultimate ruling. Courts have so held as to attorney's fees requested by the debt collector in the prayer for relief. *See Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796, 808 (N.D. Cal. 2008) ("Given that Defendants were entitled to attorney's fees, the request for such fees would not be unfair or unconscionable to the least sophisticated debtor."); *id.* (noting that "many courts that have confronted the question of whether a request for attorney's fees in a complaint is actionable under the FDCPA have determined that it is not").

Because I conclude that Defendant's complaint in the State Court Action did not violate

---

[2] I address this theory of liability although Plaintiff did not raise it in his amended complaint.

Page -8-    OPINION AND ORDER

FDCPA, I need not address whether Defendant would be protected by the bona error defense. *See* 15 U.S.C. § 1692k(c).

## CONCLUSION

For the reasons provided above, Defendant's Motion for Summary Judgment, ECF No. 49, is GRANTED, and Plaintiff's Motion for Summary Judgment, ECF No. 50, is DENIED.

IT IS SO ORDERED.


DATED this ___20th___ day of March, 2017.

HON. PAUL PAPAK
U.S. MAGISTRATE JUDGE